The opinion of the Court was delivered by

Mr. Justice Mott.

That the copy of a deed ought not to be read in evidence, until the existence and loss of the original have been established, has not been left to be settled at this late day. But I do not know that it has yef been determined, and perhaps it cannot be by any definite rules, what shall in all cases be sufficient evidence of those facts to let in the secondary evidence. They may be proved by positive testimony, or inferred from circumstances. In the present case, more than half a century had *79 passed away since the deed had been executed and recorded: All the parties and witnesses were dead. The testator and those claiming under him had been in possession about twenty-five years. The fact of the deed having been recorded immediately after.its execution, repelled every idea of fraud. Under suck circumstances, the cause ought to have gone to the jury, who might, and I think ought, to have presumed a conveyance, even though no copy had been produced.
The motion for a non suit caimot prevail.
The first ground for a new trial depends upon the construction of the will of Wm McDonald, jr.
The testator makes a specific devise of land to his son, Wm. M. M'Donald, in fee-simple, without any condition or limitation. He dien makes a specific devise of other lands to his daughter, C. E. M'Donald. He then gives them certain negroes, jointly, with cross remainders ovar to the survivor.
His words .are, “if either of the said Wm. M. McDonald and Charlotte E. M‘Donald,'should decease, before the age of twenty-one years, Sic. tlie moiety of the deceased, shall revert to the survivor.” Now, what is meant here by the moiety.'' why most unquestionably, a moiety of the property which was given to them jointly; which was the negroes only. They did not hold the land in moities, but each held by a specific devise. If he meant the land, then he devised a moiety belonging to each, and left the other moiety undisposed of in the limitation clause, which would be inconsistent with all the other provisions of the will, He then goes onto say, “if both shall decease, &c. then the said property shall revert to my father, Sic.” The question may then be asked, what said property shall revert? The answer is very plain: The same property which was before limited to the survivor, in case they should both die before the. age of twenty-one or marriage, and no other.-
The second ground for a -new trial, does not appear to me to present a greater difficulty than the first.
The testator devises “to his daughter, Thirza McDonald, two hundred and sixty-one acres of land, to be taken off of the upper end of his plantation, being land given to him with his former wife,”
*80 Now the devisee is either entitled to two hundred and slxty-one acres, without regard to the quantity .received by him with his former wife, or she is entitled to all that lie did receive by his former wife, be the same more or less. If the former be the correct construction, she has received, without interfering with'the claim of the plaintiff, upwards of one him--dred acres more than is devised to her.- If the latter, then we must enquire how much he did receive with his wife. It will be observed, that when the testator received this land by his wife, the land claimed by the plaintiffs belonged to Robert Crawford: • He therefore received by his wife, that part only, which was within the Wahab grant.
For as the grant to Win. McDonald, was of a much more recent date, than that to Wahab, it was void as to all that part Which fell within it; if indeed any part did fall within it, which was very doubtful; and he could derive no title from his wife to land to which she had no title herself. It is true, he after-wards purchased from Crawford, still it ivas not acquired by-his wife-, and therefore not embraced in the devise to her daughter.-
The motion therefore must be refused. —
Mott, Huger; Johnson, Richardson and Gantt, Justices, concurred;